[No. 12324. Department One. April 7, 1915.]

## C. A. HOLMES, *Respondent*, v. H. C. STRONG, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—SAFE PLACE TO WORK —QUESTION FOR JURY. Under the rule that where the servant proceeds to work in a given environment, under a direct order from the master or the master's representative, he does not assume the risks of any dangers not so open and apparent as to be detected by ordinary observation, and that it is a nonassignable duty of the master to see that lumber is piled in such a manner as to make the place reasonably safe for an employee directed to handle it, there was sufficient evidence to present a question for the jury, where it appeared that lumber was piled between decks on a vessel in tiers extending from the deck floor to the top of the compartment, about five feet, nine inches in height; that plaintiff was directed to assist in removing the balance of the timber after the lumber was nearly all out of the ship; that the tiers were apparently straight up and down and plaintiff noticed no danger, although an experienced man in handling lumber; that after two or three boards had been removed from the top of the tier and while plaintiff was at the joint of that tier with another tier, the latter fell, and in attempting to step backward out of the way he was caught by the tier behind him, falling and breaking his leg; there being a dispute upon the facts as to whether the lumber might be safely loaded the way it was, or whether it should have been tied together with cross-strips.

MASTER AND SERVANT—INJURIES TO SERVANT—PROXIMATE CAUSE— INSTRUCTIONS. An instruction in an action for negligence which charges the jury that if they find that the lumber upon which plaintiff was working was piled in a careless and negligent manner, and that it fell upon him without any fault on his part and he did not know of the danger he was in, and if he acted as an ordinary

[1]Reported in 147 Pac. 434.

prudent man would have acted under the same circumstances, then their verdict should be for the plaintiff, is not prejudicially erroneous in failing to state that the defendant's negligence must be the proximate cause of the injury, where the plain inference is that, if by reason of defendant's negligence the lumber fell and injured him, he was entitled to recover.

TRIAL—ACTIONS—INSTRUCTIONS—CONSTRUCTION AS A WHOLE. An instruction is not prejudicial as a summing up instruction which fails to contain all the elements necessary to warrant a verdict for the plaintiff, when it does not purport to state the whole law of the case, and is preceded and followed by other instructions, which state the necessary elements.

APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE. A reversal will not be ordered for error in the failure of the court to strike testimony which was clearly a conclusion of the witness, where such failure was not prejudicial.

Appeal from a judgment of the superior court for King county, Smith, J., entered February 20, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in unloading lumber from a steamship. Affirmed.

*Bronson, Robinson & Jones*, for appellant.

*Chauncey L. Baxter* and *J. Will Jones*, for respondent.

MOUNT, J.—Action for personal injuries. The plaintiff recovered a judgment on the verdict of a jury in the court below. The defendant has appealed.

The appellant, in the year 1912, was operating the steamship Alki between Seattle, this state, and Ketchikan, Alaska. In March of that year, a cargo of lumber was loaded at Seattle in the between decks of the ship. This lumber consisted of two by twelves, ten by twelves, two by sixes, and two by fours, in lengths varying from sixteen to twenty feet. This lumber was loaded in the vessel by being piled in separate tiers, each tier extending from the deck floor to the top of the compartment, which was about five feet, nine inches, in height. The vessel arrived at Ketchikan on the 31st day of March, 1912, in the afternoon, and the unloading of the

lumber immediately began. At between 8 and 9 o'clock that night, when the lumber was nearly all out of the ship, the plaintiff was directed to assist one of the men in removing the balance of the lumber. At that time there were three tiers of lumber near the hatch along the side of the ship. Forward of these tiers and also along the side of the vessel were two other tiers. These tiers at the ends abutted against each other. The vessel was well lighted. The plaintiff was an experienced man in handling lumber. The tiers of lumber were apparently straight up and down and the plaintiff noticed no danger therein. After two or three boards had been taken from the top of the tier nearest the hatch and were placed in the package for the sling, and while the plaintiff was at about the joints of the tiers, one of the tiers fell. The plaintiff attempted to step backward out of the way of the falling tier, and was caught by the tier behind him, which fell upon him and broke his leg.

It was alleged in the complaint that the defendant was negligent in loading the lumber because the lumber was not tied together with strips, and because at the bottom of these tiers which fell were narrower pieces than the pieces above, thereby causing the lumber to fall. The case was tried to the court and a jury upon the theory that the defendant was negligent in causing the lumber to be loaded in the manner that it was loaded; and in sending the plaintiff to work in an unsafe place.

The appellant argues that there was not sufficient evidence to go to the jury upon the question of negligence, either in the piling of the lumber or in sending the plaintiff to work in a dangerous place. There was a dispute upon the facts as to whether the lumber might be safely loaded in tiers the way it was loaded, or whether it should have been tied together with cross-strips. The plaintiff testified that he had several years' experience with lumber ladened ships, but that he did not observe that these particular tiers of lumber were unsafe.

We think this case is controlled by the rule announced in *Dumas v. Walville Lumber Co.*, 64 Wash. 381, 116 Pac. 1091. In that case, two inexperienced men were directed to take the lumber from one pile and put it in another. They proceeded to do the work as directed, when one of the piles fell, injuring one of the men. In that case we said:

"The duty to see that the lumber was piled in such a manner as to make the place reasonably safe was a nonassignable duty of the master. The rule announced by this court in the *Zintek* cases is plainly controlling on the evidence here. [Citing a number of cases]."

*Mattson v. Eureka Cedar Lumber & Shingle Co.*, 79 Wash. 266, 140 Pac. 377, was a case where an inexperienced man was directed to take bundles of lumber from trucks and place them upon appropriate piles. One of these piles fell and injured the workman. We there said:

"It is also well established that, when a servant proceeds to work in a given environment, under a direct order from the master or the master's representative, he does not assume the risk of any dangers not so open and apparent as to be detected by ordinary observation. Applying these principles, it is clear that the questions whether the appellant had met its duty to furnish the respondent a reasonably safe place in which to work, and whether the respondent pursued the rule of reasonable prudence in proceeding to work without inspecting the piles of lumber to determine the safety of the place, were, under the evidence, questions for the jury. The following decisions of this court are closely analogous on the facts, and exemplify the application of the principles of law involved. [Citing several cases.]"

Under the rule of these cases, there was sufficient evidence to go to the jury upon the alleged negligence of the defendant.

In instructing the jury the court gave, among other instructions, the following:

"If you find from the evidence that the tier of lumber upon which plaintiff was working was piled in a careless and negligent manner, and that it fell upon him without any fault on

his part, that he did not know of the danger he was in, and if he acted as an ordinary prudent man would have acted under the same circumstances, then your verdict will be for the plaintiff."

It is insisted by the appellant that this instruction is erroneous first, because it does not state that negligence must be the proximate cause of the injury, and that instructions which do not embody this principle are erroneous. While the instruction itself is not technically correct upon this question, because it does not state in so many words that the negligence, in order to create liability, must be the proximate cause of the injury, yet in substance we think it does do so, and that the jury could not have understood that negligence which had not caused the injury would authorize a verdict in favor of the plaintiff. For the court says in substance to the jury, that if they should find that the tiers of lumber were piled in a negligent manner, and that it fell upon the plaintiff, he would then be entitled to recover. The plain inference is that, if by reason of the negligence the lumber fell and injured him, he was entitled to recover.

In the case of *Moy Quon v. Furuya Co.*, 81 Wash. 526, 143 Pac. 99, the court instructed the jury as follows:

"I instruct you that if you find from the evidence in this case that the servant of the defendant did approach said crossing and did run over and upon and injure said Moy Sue and did fail and neglect to sound any gong, bell or whistle, so as to warn said Moy Sue of the approach of said automobile, the defendant was guilty of such negligence in that behalf as to render him responsible to the plaintiff for damages unless you should find that said Moy Sue was injured by reason of his own contributory negligence, as hereinafter defined."

In that case it was contended that the instruction was erroneous because it failed to tell the jury that if they found the appellant guilty of negligence, they must find that negligence to be the proximate cause of the injury before the plaintiff could recover. Upon this contention we said:

"It is true the instruction did not so advise the jury in terms, but it did, in substance and effect, since it closed with the statement that if the jury found that the respondent was injured by reason of his own contributory negligence, he could not recover."

We think the same rule must be applied in this case, because it is fairly to be understood from the instruction given that the jury must find the negligence complained of caused the injury to the plaintiff.

It is also claimed that the instruction first quoted is prejudicial because it is a summing up instruction, and should have contained all the elements necessary to warrant a verdict in favor of the plaintiff. We do not think it was a summing up instruction, for it does not purport to state the whole law of the case. The court immediately before this instruction had stated to the jury:

"If you find from the evidence in this case that the plaintiff was directed where to work, and worked as directed, I instruct you that such direction carried with it an implied assurance that the place was safe. I further instruct you that plaintiff had a right to rely upon this assurance unless the danger was open and apparent, or the character of the work was such that a reasonably prudent man would have apprehended danger."

And following that instruction, the court said:

"But the servant assumes those risks which are open and obvious and necessarily incident to the work."

And further along in the instructions, the court said:

"If you find that the plaintiff was guilty of contributory negligence and that such contributory negligence on his part contributed to his injury, and was the proximate cause of his injury, then the plaintiff cannot recover."

We think the instructions as a whole, considered in the light of the facts which were being tried to the jury, were substantially correct, and that no prejudicial error occurred therein.

The appellant also contends that the court erred in refusing to strike out certain testimony. When the plaintiff was upon the witness stand he was asked this question: "Now, if the pile was properly piled up, would it fall down?"

His answer was: "No, it would not." Then he was asked the question: "Was it possible to pile that lumber so that it would not fall? A. Yes, sir, it was."

The appellant objected to this testimony and moved to strike it out, but the objection and motion were denied. He now asserts that this was error. It was clearly the conclusion of the witness; but we think the failure of the court to strike it out was not prejudicial error.

We find no prejudicial error in the record, and the judgment is therefore affirmed.

PARKER, HOLCOMB, and CHADWICK, JJ., concur.